**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 26-cv-02161-RMR

JOEL MARTINEZ VERA,

      Petitioner,

v.

JUAN BALTAZAR, *in his official capacity as Warden of the ICE Denver Contract Detention Facility;*
GEORGE VALDEZ, *in his official capacity as Denver Field Office Director for U.S. Immigration and Customs Enforcement*;
MARKWAYNE MULLIN, *in his official capacity as Secretary of the Department of Homeland Security*;
TODD LYONS, *in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement*; and
TODD BLANCHE, *in his official capacity as Attorney General of the United States*,

      Respondents.

---

**ORDER**

---

Pending before the Court is Petitioner's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, and Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction ("TRO"), ECF No. 4. Respondents filed a Response to Order to Show Cause, ECF No. 12, and Petitioner Replied to the Response, ECF No.13. The Court has reviewed the Petition, the Motion, the related briefing, and the applicable case law. As the briefing demonstrates, Petitioner's challenge is fundamentally legal in nature, and, for the reasons outlined below, the Court **GRANTS** the relief requested.

Mr. Martinez Vera has lived in the United States for over 21 years. ECF No. 1 ¶ 3. He has a wife, three United States citizen children and one United States citizen stepdaughter. *Id.* Prior to his detention by Immigration and Customs Enforcement ("ICE"), he worked in the construction industry. *Id*. Mr. Martinez Vera has no criminal history that would subject him to mandatory detention. *Id.* ICE detained Mr. Martinez Vera under 8 U.S.C. § 1225(b)(2) of the Immigration and Nationality Act ("INA") in March of 2026. Id. ¶¶ 3, 36. Mr. Martinez Vera does not have a final order of removal. Id. ¶ 17.

Petitioner asserts constitutional and statutory claims, *see* ECF No. 1 at 13–17, seeking a bond hearing or immediate release, *see generally id.* This request for relief, and the legal claims and arguments upon which it's premised, are familiar to the Court and the parties. Petitioner contends that he is being improperly subjected to mandatory detention under 8 U.S.C. § 1225(b)(2) and requests that the Court issue a writ of habeas corpus requiring that Respondents immediately release Petitioner or in the alternative, "order Respondents to schedule him for a custody hearing pursuant to § 1226(a) before a neutral IJ within seven days, regardless of whether ICE conducted an initial custody determination, at which Respondents must demonstrate by clear and convincing evidence that continued custody of any kind is necessary." *Id.* at 17. As Respondents acknowledge, the issue presented here is "not materially different from an issue this Court has resolved in a prior ruling in another case," ECF No. 12 at 2 (citing *Mendoza Gutierrez v. Baltazar, et al.*, 25-cv-02720-RMR (D. Colo.)), and the facts Petitioner presents are "not materially distinguishable from that case for purposes of the Court's decision on the legal

issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)," *id.* at 4.

Indeed, like in *Mendoza Gutierrez*, Petitioner has resided in the United States for over two years. ECF No. 1 ¶ 3. And, also like in *Mendoza Gutierrez*, Petitioner is being held in civil immigration detention and denied the opportunity for a bond hearing based on the government's assertion that, despite his long-term residence in the United States, Petitioner is an "applicant for admission" to the United States and must therefore be subject to mandatory detention under either 8 U.S.C. § 1225(b)(1) or § 1225(b)(2). *See* ECF No. 12 at 3. As Respondents anticipate in their response brief, these similarities are sufficient to "lead the Court to reach the same result here" as it did in *Mendoza Gutierrez*. *Id.* at 4. The Court thus adopts that reasoning in full here, *see Mendoza Gutierrez*, 2025 WL 2962908, at *5-9 (analyzing the plain language, legislative history, and past practice of § 1225 compared to § 1226 and determining "§ 1225(b)(2) only applies to noncitizens 'seeking admission' and inspected while trying to enter the country, and not to noncitizens who have lived in the United States continuously for over two years") and once more joins the chorus of courts in this district and around the nation that have overwhelmingly rejected Respondents' position.[1] *See also Cunha v. Freden*, No. 25-3141-PR, 2026 WL

---

[1] *Compare* ECF Nos. 1, 7 *and e.g.*, *Espinoza Ruiz v. Baltazar*, No. 1:25-cv-03642-CNS, 2025 WL 3294762 (D² Colo. Nov. 26, 2025); *Arauz v. Baltazar*, No. 1:25-cv-03260-CNS, 2025 WL 3041840 (D. Colo. Oct. 31, 2025); *Hernandez v. Baltazar, et al.*, No. 1:25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025); *Hernandez Vazquez v. Baltasar, et al.*, No. 1:25-cv-3049-GPG, ECF No. 22 (D. Colo. Oct. 23, 2025); *Loa Caballero v. Baltazar, et al.*, No. 1:25-cv-3120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025); *Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291, at *1 (D. Colo. Oct. 20, 2025); *Mendoza Gutierrez v. Baltasar, et al.*, No. 1:25-cv-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Carrillo Fernandez*, 2025 WL 3485800; *Garcia-Arauz v. Noem*, No. 2:25-cv-02117-RFB-EJY, 2025 WL 3470902 (D. Nev. Dec. 3, 2025); *Escobar Salgado v. Mattos*, No. 2:25-cv-01872-RFB-EJY, --- F. Supp. 3d ----, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); *Ramos v. Rokosky*, No. 25cv15892 (EP), 2025 WL 3063588 (D.N.J. Nov. 3, 2025);

1146044, at *5 (2d Cir. Apr. 28, 2026) ("In sum, Section 1226(a) plainly applies to noncitizens, like Petitioner, who are present in the United States, but charged as inadmissible for entering the country without inspection and admission."); *id.* at *13 ("[W]e find no basis to justify departing from the unambiguous meaning of the text, under which Petitioner is not subject to mandatory detention, because he is not 'seeking admission' under Section 1225(b)(2)(A).").

Because Petitioner is improperly detained under § 1225, the Court agrees with Petitioner that he is entitled to immediate release, *see generally Mendoza Gutierrez*, 2025 WL 2962908, at *14. Consistent with the above analysis, the Court **GRANTS** Petitioner's Petition, ECF No. 1, and Respondents are **ORDERED** to release Petitioner from custody immediately, but no later than within 48 hours of this Order, and may not impose any additional conditions of release or supervision. Respondents **SHALL FILE** a status report within TWO DAYS of this Order to certify compliance. Respondents are further **ENJOINED AND RESTRAINED** from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, the government shall bear the burden of proof. Because the Court's ruling affords Petitioner the relief he seeks, the Court need not address Petitioner's

---

*Godinez-Lopez v. Ladwig*, 2025 WL 3047889 (W.D. Tenn. Oct. 31, 2025); *Jimenez v. FCI Berlin, Warden*, No. 25-CV-326-LM-AJ, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Romero v. Hyde*, Civil Action No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Lopez Benitez v. Francis*, No. 25 Civ. 5937 (DEH), 795 F.Supp.3d 475 (S.D.N.Y. Aug. 13, 2025).

remaining arguments at this time, and Petitioner's TRO, ECF No. 4, which seeks the

same relief as the Petition, is **DENIED AS MOOT**.


DATED: June 4, 2026

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge